Honorable Nelson B. Tinnin State Senator, District 25 Room 333, State Capitol Building Jefferson City, Missouri 65101
Dear Senator Tinnin:
This letter is in response to your request for a ruling on the following question:
 "The question is whether or not a city ordinance in compliance with Section 311.080 is valid as against an applicant for a liquor by the drink license under Section 311.095. Does Section 311.095 set up its own standards as enumerated in Paragraph 2 to the exclusion of the remainder of Chapter 311.010, et al?"
Section 311.095, RSMo Supp. 1975, provides in pertinent part:
 "1. Notwithstanding any other provisions of this chapter to the contrary, any person who possesses the qualifications required by this chapter, and who now or hereafter meets the requirements of and complies with the provisions of this chapter, may apply for and the supervisor of liquor control may issue a license to sell intoxicating liquor, as in this chapter defined, by the drink at retail for consumption on the premises of any resort as described in the application. As used in this section the term `resort' means any establishment having at least forty rooms for the overnight accommodation of transient guests, having a restaurant or similar facility on the premises at least sixty percent of the gross income of which is derived from the sale of prepared meals or food, or means a restaurant provided with special space and accommodations where, in consideration of payment, food, without lodging, is habitually furnished to travelers and customers, and which restaurant establishment's annual gross food sales for the past two years immediately preceding its application for a license shall not have been less than one hundred thousand dollars per year, or means a new restaurant establishment having been in operation for at least ninety days preceding the application for such license, with a projected experience based upon its sale of food during the preceding ninety days which would exceed not less than one hundred thousand dollars per year.
 "2. The bond requirements of section 311.090, the times for opening and closing the establishments as fixed in section 311.290, the authority for the collection of fees by counties as provided in section 311.220, and all other laws and regulations of the state relating to the sale of liquor by the drink for consumption on the premises where sold shall apply to resorts in the same manner as they apply to establishments licensed under section 311.090."
Section 311.080, RSMo, provides:
 "1. No license shall be granted for the sale of intoxicating liquor, as defined in this chapter, within one hundred feet of any school, church or other building regularly used as a place of religious worship, unless the applicant for the license shall first obtain the consent in writing of the board of directors of the school, or the consent in writing of the majority of the managing board of the church or place of worship; except that when a school, church or place of worship shall hereafter be established within one hundred feet of any place of business licensed to sell intoxicating liquor, the license shall not be denied for lack of consent in writing as herein provided.
 "2. The board of aldermen, city council of other proper authorities, of any incorporated city, town or village, may by ordinance, prohibit the granting of a license for the sale of intoxicating liquor within a distance as great as three hundred feet. In such cases, and where the ordinance has been lawfully enacted, no license of any character shall issue in conflict with the ordinance while it is in effect; except, that when a school, church or place of worship is established within the prohibited distance from any place of business licensed to sell intoxicating liquor, the licensed shall not be denied for lack of consent in writing as herein provided."
It is our understanding that the Supervisor of Liquor Control has taken the position that applicants must be in compliance with Section 311.080 before a license will be issued under Section311.095. It is the function of this office to provide legal counsel and legal representation for the various departments and divisions of the executive branch, including the Division of Liquor Control. We find nothing in the language of the statutes which compels the conclusion that the interpretation of the Supervisor of Liquor Control is erroneous.
Very truly yours,
 JOHN ASHCROFT Attorney General